*2:23-cv-00014-JAD-BNW - October 11, 2023*

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF NEVADA

 3   SPEKULATION ORPHAN RELIEF     )
     TRUST,                        )
 4                                 ) Case No. 2:23-cv-00014-JAD-BNW
              Plaintiff,           )
 5                                 ) Las Vegas, Nevada
     vs.                           ) October 11, 2023
 6                                 ) 2:40 p.m. - 2:56 p.m.
     NEWREZ LLC d/b/a SHELLPOINT   ) Courtroom 6D
 7   MORTGAGE SERVICING; NEVADA    ) MOTION HEARING
     LEGAL NEWS, LLC; DOES I       )
 8   through X; and ROE BUSINESS   )
     ENTITIES I through X,         )
 9   inclusive,                    )
                                   )
10            Defendants.          )
     _____)   CERTIFIED COPY
11

12            REPORTER'S TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JENNIFER A. DORSEY
13              UNITED STATES DISTRICT COURT JUDGE

14

15   APPEARANCES:

16   For the Plaintiff:   ANDREW BAO, ESQ.
                          ANDREW BAO & ASSOCIATES NV
17                        8020 S. Rainbow Boulevard, Suite 100-163
                          Las Vegas, Nevada 89139
18                        (702) 823-4137

19

20   (Appearances continued on page 2.)

21   Court Reporter:      Amber M. McClane, RPR, CRR, CCR #914
                          United States District Court
22                        333 Las Vegas Boulevard South, Room 1334
                          Las Vegas, Nevada 89101
23                        (702) 384-0429 or AM@nvd.uscourts.gov

24   Proceedings reported by machine shorthand.  Transcript
     produced by computer-aided transcription.
25
```

*2:23-cv-00014-JAD-BNW - October 11, 2023*

1  APPEARANCES CONTINUED:

2  For the Defendant NewRez LLC:

3      **ARIEL E. STERN, ESQ.**
    *AKERMAN LLP*
4      *1635 Village Center Circle, Suite 200*
    *Las Vegas, Nevada 89134*
5      *(702) 634-5005*

6  Also present:

7      **MICHAEL JOHNSON, FHFA**

8                       * * * * *

```
 1        LAS VEGAS, NEVADA; WEDNESDAY, OCTOBER 11, 2023; 2:40 P.M.
 2                                --o0o--
 3                            P R O C E E D I N G S
 4            COURTROOM ADMINISTRATOR:  Now's the time set for a
 5   motions hearing in Case Number 2:23-cv-14-JAD-BNW, Spekulation
 6   Orphan Relief Trust versus NewRez, LLC.
 7            Counsel, please state your appearances.
 8            MR. BAO:  Good afternoon, Your Honor.  Andrew Bao
 9   specially appearing for the plaintiff.
10            MR. STERN:  Good afternoon, Your Honor.  Ariel Stern
11   appearing for NewRez, LLC.  And with me is my friend and
12   colleague, Mr. Michael Johnson, representative of the Federal
13   Housing Finance Agency.
14            THE COURT:  Thank you.
15            Mr. Bao, what do you mean specially appearing?
16            MR. BAO:  Just for this hearing, Your Honor.
17   Although I guess I lodged an appearance in this particular
18   case, so I would just be appearing.
19            THE COURT:  Just appearing.  Okay.
20            MR. BAO:  Yeah.  Sorry about that.
21            THE COURT:  That's all right.  Didn't know if we were
22   going back in time 30 years and having a special appearance.
23            MR. BAO:  I'm mixing up all these cases.
24            THE COURT:  All right.  Well, this is one of those
25   second-generation HOA foreclosure cases attempting to prevent
```

1  the noteholder from foreclosing on a mortgage that has been in
2  default, this one for nearly a decade.  The noteholder moves
3  for summary judgment to expunge the lis pendens and to
4  dissolve the preliminary injunction that has stopped the
5  foreclosure from going forward.
6         In the middle -- so we've got motions in the record
7  at Numbers 49, 50, and 51.  And in the middle of the briefing
8  on these motions the Nevada Supreme Court issued its decision
9  in *LV Debt Collect*, which really cuts the legs out from under
10 the plaintiff's key NRS 106.240 theory.  So I then issued an
11 order to show cause why this case should not be dismissed
12 based on that new published Nevada Supreme Court decision.
13        The motions here are fully briefed, and the parties
14 have responded to the order to show cause.  I have read
15 everything, and I fully understand the arguments.
16 Nevertheless, I'm going to allow each side ten minutes of
17 argument.  I'm going to allow Mr. Stern, as the movant, to
18 reserve up to three minutes of that argument for rebuttal.
19        So the podium is yours, sir.
20        **MR. STERN:**  Thank you, Your Honor.  We will reserve
21 the --
22        **THE COURT:**  All three?
23        **MR. STERN:**  Wait until I get up here.  Yes, all
24 three.
25        **THE COURT:**  Thank you.  Go ahead.

1   **MR. STERN:** Thank you, Your Honor.
2        And as you, in our view, correctly noted, the *LV Debt*
3   decision does cut out the legs of the 106 claim.
4        Before addressing that, however, Your Honor, I would
5   like to emphasize the importance of the federal statutes,
6   the -- the HERA statutes, and as a -- almost as a factor to
7   illustrate the importance of those issues to Fannie Mae and
8   its conservator, the FHFA, Mr. Johnson is here.  And what we
9   emphasize preliminarily but importantly, Your Honor, is that
10  under 4617(f) the Court, just by -- by act of Congress, lacks
11  the authority, like, essentially, the jurisdiction, the power
12  to enjoin the sale.  It further lacks the -- the authority to
13  determine as a matter of federal law, before we even get to *LV*
14  *Debt*, that the deed of trust lapsed by operation of the
15  statute -- of the Nevada state statute.  With -- a significant
16  overlap, Your Honor, with 4617(j)(3), which directs itself to
17  the specific property of the conservator and preserves the
18  property interest from the operation of the state statute,
19  106.240, in the manner that the plaintiff requests.  And so we
20  emphasize those points as a matter of federal law before we
21  even have to reach *LV Debt*.
22       Now, once we do reach *LV Debt*, under 106.240 claim we
23  believe the -- the Supreme Court has made it clear beyond
24  really any ability of the plaintiff to get out of that the --
25       **THE COURT:** Well, they sure try.

1      **MR. STERN:**  They do and this is -- you mentioned
2  generation two case.  Some of these are actually gen three
3  cases where they continue to come at us, we believe --
4      **THE COURT:**  In a Whac-A-Mole style?
5      **MR. STERN:**  Whatever -- whatever theory may present
6  itself, they will latch on to.  We were kind of surprised that
7  *LV Debt* didn't just resolve everything, and -- but we do think
8  it does.
9      And we will just emphasize that, as a matter of
10 title, as a matter of the record, the acts that supposedly
11 create the acceleration that triggers the statute not only are
12 not within the ten years, they aren't even sufficient to
13 trigger the applicability of the statute.  Because we're not
14 looking at acceleration; we're looking at the furthest
15 possible point in the future in which the deed of trust, by
16 its own terms or any recorded extension of it, can be by
17 operation essentially not in the -- the term is not in the
18 statute but essentially an ancient mortgage statute.  It's
19 more of a recordkeeping statute to clear clearly lapsed
20 mortgages, and that's not what we're dealing with here.
21     Your Honor, with respect to the other claim, 107.200,
22 we emphasize the -- the record that we have provided through
23 the affidavit of the NewRez representative attesting to the
24 timeliness of -- of the receipt of the notice and emphasize
25 for the Court's consideration not only the federal

1   prohibitions against restraint -- in other words, that the
2   availability of -- that there is no available injunctive
3   remedy for 107.200 as a matter of federal preemptive law, we
4   also just don't -- or I should say the plaintiff does not
5   sufficiently provide any contrary evidence showing that there
6   is a claim here to be had for damages or to show that 107.200
7   applies.  But, Your Honor, to the extent that there is some
8   issue remaining for them, we just emphasize that a lot of the
9   information that 107.200 guarantees to a -- to a titleholder
10  seeking to clear a lien already, the plaintiff already has.
11  They know who holds the note.  That's not a matter of
12  controversy.  In fact, this Court in a previous action has
13  confirmed that it's Fannie Mae and its conservator, the FHFA.
14  That's not really subject to any dispute.
15          The amount -- the other critical piece is the amount
16  that's owed, which is the information the titleholder needs to
17  prevent a foreclosure.  That's -- that's a matter of public
18  record.  It's disclosed in the notice of sale.  And so this
19  really is one of those cases where there's just no dispute.
20  The claims do not survive the summary judgment, and as
21  ancillary remedies we ask that the Court dissolve the
22  injunction.  It's -- if the Court decides that defense is
23  entitled to summary judgment, it just naturally follows that
24  the injunction is dissolved and, likewise, the lis pendens
25  needs to be cleared as another ancillary remedy.  And so while

1  those two ancillary remedies are there, the focus of our
2  request for relief is on the merits, on the substance of the
3  HERA statutes as well as *LV Debt* and just the plaintiff's
4  failure to show any evidence to sustain beyond summary
5  judgment a 107.200 claim.
6         Thank you, Your Honor.
7         **THE COURT:**  Thank you so much.
8         Mr. Bao.
9         **MR. BAO:**  Thank you, Your Honor.
10        From plaintiff's perspective, Your Honor, the
11 interpretation of *LV Debt* is set forth in the papers.  I'd
12 just like to emphasize for the Court that, from plaintiff's
13 perspective, *LV Debt* stops short of simply stating that the
14 maturity date of the deed of trust is the trigger date for the
15 ten years.  If that case had -- if *LV Debt* had stood for that
16 position expressly, all of these cases would be gone.
17 Plaintiff submits to this Court that *LV Debt* stops short of
18 making that statement and that -- and that plaintiff's theory
19 that the acceleration occurred prior to the notice of default
20 is still sustainable despite *LV Debt*'s holding.
21        As to 104, Your Honor, I didn't know that was still
22 at issue, but if it is, we can -- plaintiff will dismiss
23 that -- that claim.
24        107.200, it revolves around the defendants not
25 responding to the --

1    **THE COURT:** Hold on.  Back up.  As to 104 you didn't
2  know that was still at issue, what are we talking about?
3    **MR. BAO:** The owner of the note theory, Your Honor.
4    **THE COURT:** Oh.  Okay.
5    **MR. BAO:** Yeah.
6    **THE COURT:** Oh.
7    **MR. BAO:** If that is still alive in this case,
8  plaintiff will voluntarily dismiss that.
9    **THE COURT:** Okay.
10   **MR. BAO:** And unless the Court has questions,
11 Your Honor -- I know the Court is very familiar with these
12 cases -- plaintiff would submit on its papers.
13   **THE COURT:** Thank you so much.  I don't have any
14 questions.
15   **MR. BAO:** Thank you.
16       Mr. Stern, rebuttal.
17   **MR. STERN:** Thank you, Your Honor.
18       Just to emphasize that -- in Mr. Bao's response there
19 was no challenge to the applicability of the federal HERA
20 statutes as set forth in our papers.  And other than that,
21 ready to submit, Your Honor.
22   **THE COURT:** All right.  Thank you very much.
23       It is my intention to rule on this motion on the
24 record today.  I will place my findings and conclusions on the
25 record, and the transcript of this hearing will serve as the

1  record of my ruling.  This does take just a bit of time, so
2  please bear with me.
3        We're all familiar with the legal standards governing
4  summary judgment.  They are well settled under both FRCP 56(a)
5  and the *Celotex* case.  A party is entitled to summary judgment
6  when the movant shows there's no genuine issue as to any
7  material fact and the movant is entitled to judgment as a
8  matter of law.  And here I find that standard is satisfied.
9        Let me walk through the arguments.  I'm going to
10 start with the key one here at the NRS 106.240 ancient lien
11 statute argument.  This is one of those -- as -- as I sort of
12 inferred during Mr. Stern's argument, the HOA cases have been
13 subject to an interesting phenomenon, which is every time the
14 Nevada Supreme Court comes out with a published opinion that
15 kills one of the theories for the homeowners who purchased
16 these properties through the foreclosure process, another new
17 argument crops up somewhere.  Again, as I refer to it, the
18 Whac-A-Mole theory of HOA litigation.
19       This NRS 106.240 theory is one that came up about
20 two-ish years ago, and the *LV Debt Collect* case killed it.
21 And so, Mr. Bao, I appreciate your interpretation of it and
22 its reach and its impact on your client's theories here, but I
23 disagree.  I think that this case is very clear, and it really
24 put a nail in that argument for you and your clients.  That
25 case, *LV Debt Collect*, it's 534 P.3d 693, and it truly does

1  resolve the issue.  So I don't even reach the HERA issue, the
2  47 -- the 4617 issues here, because I think the *LV Debt*
3  *Collect* is clear, and it leaves no question.
4          Also, to accelerate a debt requires an acceleration
5  be so clear and unequivocal that it leaves no doubt as to the
6  lender's intention, and there's just nothing in this record
7  that does that with respect to the sort of new theory that
8  came up in response to my order to show cause; that it's an
9  unrecorded additional document that's somewhere floating out
10 that we really can't identify.  That just wouldn't do it
11 either.  So there's just nothing in this record to support
12 that theory.
13         And I find that the plaintiff's efforts to
14 distinguish this case from *LV Debt Collect* or to argue that it
15 actually is a case that benefits plaintiffs like Spekulation
16 are, to put it bluntly, just nonsensical at this point.  So
17 the NRS 106.240 clock just hasn't started in this case.
18         The plaintiff has moved to dismiss and abandoned the
19 theory that Shellpoint isn't in possession of the note or
20 isn't its owner, so I don't need to address that one.
21         And that brings me or leaves me with the NRS 107.200
22 violation claim which I find fails as a matter of law and
23 fact.  Even if the plaintiff timely served a request in
24 compliance with the statute -- and this record definitely
25 suggests that did not happen.  Nevertheless, there's no

1   evidence in the record to show a willful violation by
2   Shellpoint.  Plus, the remedy for such a claim is an award of
3   damages.  It doesn't form the basis for a quiet title or
4   injunctive relief claim as it's pled here.
5           So with no viable claim, I grant the motion for
6   summary judgment on all claims and theories.  I direct the
7   Clerk of Court to enter judgment on all claims against the
8   plaintiff, dissolve the preliminary injunction, and expunge
9   the lis pendens.
10          Did I miss anything?
11          **MR. STERN:**  No, Your Honor.  But if I might, I
12  understand this -- you will not require a -- an order
13  submitted from NewRez?
14          **THE COURT:**  That's right.
15          **MR. STERN:**  Thank you, Your Honor.
16          Your Honor, as Mr. Johnson reminds me, since we
17  actually have to record in the county recorder --
18          **THE COURT:**  There will be a judgment.  The Clerk of
19  Court will enter a judgment.
20          **MR. STERN:**  Um-hum.  So we would record a notice of
21  entry of the judgment, and the judgment will specify that the
22  lis pendens has been expunged?
23          **THE COURT:**  Yes.  Danielle, can we make sure that
24  happens?  Okay.  That the judgment will also state that the
25  preliminary injunction is dissolved and that the lis pendens

1  is expunged.
2           **MR. STERN:**  Thank you, Your Honor.
3           **THE COURT:**  Does that cover it?
4           **MR. STERN:**  Yeah, that should cover it.
5           **THE COURT:**  Okay.  Mr. Bao, any questions?
6           **MR. BAO:**  None, Your Honor.  Thank you.
7           **THE COURT:**  All right.  Thanks, everyone.  We're
8  adjourned.
9           *(Proceedings adjourned at 2:56 p.m.)*
10                          --o0o--
11                 COURT REPORTER'S CERTIFICATE
12
13      I, AMBER M. McCLANE, Official Court Reporter, United
14  States District Court, District of Nevada, Las Vegas, Nevada,
15  do hereby certify that pursuant to 28 U.S.C. § 753 the
16  foregoing is a true, complete, and correct transcript of the
17  proceedings had in connection with the above-entitled matter.
18
19  DATED:  2/20/2024
20
21                              /s/ *Amber M. McClane*
22                              AMBER McCLANE, RPR, CRR, CCR #914
23
24
25